UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CDS BUSINESS SERVICES, INC. D/B/A NEWTEK BUSINESS CREDIT,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL HALEY, et al.,<br><br>    Defendants. | Case No. 23-mc-80095-JCS<br><br>**ORDER DETERMINING DEFENDANT THOMAS ATHERSTONE'S CLAIM OF EXEMPTION**<br><br>Re: Dkt. No. 13 |

**I.     INTRODUCTION**

This case involves an attempt to collect amounts due under a 2022 settlement agreement ("Settlement Agreement") between CDS Business Services, Inc. ("CDS") and Defendants, including Thomas Atherstone, in a case brought by CDS against Defendants in the United States District Court for the Eastern District of New York ("the New York District Court Case"). After Defendants defaulted under the Settlement Agreement, judgment was entered in the New York District Court Case. That judgment was registered with this Court, *see* dkt. no. 1, and a writ of execution was issued on May 23, 2023, dkt. no. 11. Pursuant to the writ of execution, a notice of levy was served on Wells Fargo Bank as to Atherstone's bank accounts. Wells Fargo levied $31,083.37 ("Levied Funds") in funds but withheld $501.11 of that amount that was in an account that was under the name of Atherstone's daughter, Magdalena E. Atherstone. In response, Atherstone filed in this Court a claim of exemption under Cal. Code Civ. Proc. sections 704.220 and 704.225, dkt. no. 12 ("Claim of Exemption") as to three bank accounts, ending in 5198, 5457, and 1207, and CDS filed a Motion for Order Determining Defendant Thomas Atherstone's Claim of Exemption ("Motion"). The Court ordered additional briefing and then held a hearing on the matter pursuant to Cal. Code Civ. Proc. section 703.570 on September 8, 2023 at 9:30 a.m. At the

hearing, both parties stipulated that they did not seek to introduce any additional evidence or briefing in connection with Atherstone's Claim of Exemption. For the reasons stated below, the Claim of Exemption is DENIED.

## II.  BACKGROUND

In May 2022, in connection with the Settlement Agreement in the New York District Court Case, Atherstone supplied a financial statement reflecting that he had $25,812,740 in assets. Declaration of Jeffrey Norman in Opposition to Claim of Exemption Filed by Defendant Thomas Atherstone (dkt. no. 13-1) ("Norman Decl.") ¶ 5 & Ex. B (Atherstone 2022 Financial Statement). In the 2022 Financial Statement, Atherstone listed the following assets: 1) $340,000 cash on hand and in banks; 2) $2,316,100 of assets in the form of securities held by broker in margin accounts, and $20,726,444 in restricted or control stocks; 3) personal property, including vintage cars (a '57 Ford, '65 Mustang, and '31 Ford) and two jet skis, worth a total of $158,000; and 4) $3,000,000 in equity in his real estate holdings. *Id.*

Just a little over a year later, Atherstone supplied a financial statement ("2023 Financial Statement") in support of his Claim of Exemption that presents a very different financial picture. Dkt. no. 12. In that statement, he lists the following assets: 1) $0 in cash, and $1,500 in checking, savings, and credit union accounts; 2) $26,000 for the same three vintage cars and two jet skis; and 3) $300,000 in real estate equity. Dkt. no. 12. He states that he has $ 0 in "other personal property (jewelry, furniture, furs, stocks, bonds, etc.)" and that he receives $7,045.39 in monthly take-home pay and $3,000 a month in company distributions. *Id.* He also states that his monthly expenses amount to $173,579.20. *Id.* The vast majority of this amount consists of "installment payments"; according to Atherstone, he pays the following amounts to creditors each month: 1) $50,000 (on a balance of $210,00) to Wynwood Capital; 2) $25,000 (on a balance of $638,000) to IOU Capital; 3) $40,000 (on a balance of $390,000) to Cedar Funding; and 4) $45,000 (on a balance of $630,000) to WeFund/QueenFunding. *Id.*

In response to the Court's Order for supplemental briefing, Atherstone provided to CDS a Reply to Judgment Creditor's Opposition to Claim of Exemption, dkt. no. 18 at ECF pp. 9-18

("Atherstone Reply").[1] There, he represents that he is "in the wine and food industry" and that he is "nowhere near" as wealthy as he was when he completed his 2022 Financial Statement because of "the effects of COVID, drought and supply chain disruptions on [his] personal wealth[.]" Atherstone Reply at 2. He states that his assets and income have been depleted as follows: 1) "The cash shown in bank accounts was all spent to pay debts for which [he] was personally responsible after [his] wine companies collapsed."; 2) "The securities were used to pay down debts that [he] and [his] company, Atherstone Foods, had personally guaranteed."; 3) "The vehicles have fallen into disarray since [he has] not had funds to care for them and, consequently, they have significantly depreciated in value."; 4) The drop in equity in real property is "directly attributable to CDS [because it] has commenced foreclosure proceedings against [his] real property [and] . . . [he] cannot access equity in the property."; 5) "Due to increased debt, Atherstone Foods has been unable to pay more than [his] $98,000/year salary with extremely limited distributions making up the rest of [his] monthly income." *Id.* at 2-3. Atherstone further states that "[t]he value of [his] ownership interest in [his] companies has been severely affected by debt that has resulted in a negative financial valuation of the companies. Therefore, they were not included in [his] financial statement." *Id.* at 3.

CDS points out in his response that Atherstone did not supply any evidence to support his vague assertions, such as bank statements, invoices, transaction records relating to his securities, or appraisals of his vintage cars. CDS Reply Brief in Support of Opposition to Defendant and Judgment Debtor Thomas Atherstone's Claim of Exemption (dkt. no. 18) ("CDS Reply") at 4-5. As to Atherstone's claim that his equity in real property has dropped to $300,000 because of foreclosure proceedings initiated against him by CDS, CDS states that "Atherstone does not explain the status of such foreclosure proceedings, the claimed amounts at issue, the specific properties subject to the claims, and the purported value for such claims." *Id.* at 5. It also notes in a footnote that the proceedings were not brought by CDS but by an "affiliate of CDS." *Id.* n. 3.

CDS argues that Atherstone's claim of exemption should be denied because: 1) he filed it

---

[1] Atherstone did not file his reply brief with the Court. However, CDS, as a courtesy, provided it to the Court as an exhibit to its own reply brief.

with the Court rather than the "levying officer" (the United States Marshal) as is required under Cal. Code Civ. Proc. section 703.520; and 2) he has not met his burden of establishing that the funds are properly subject to the claimed exemptions. CDS does not, however, contest that the $501.11 funds in Atherstone's daughter's account should be released. Nor does it dispute that Atherstone is entitled to a statutory exemption in the amount of $1,947 under Cal. Civ. Proc. Code section 704.220(a).

### III. ANALYSIS

#### A. Legal Standards

A federal court applies the attachment law and procedures of the state in which it sits. Fed. R. Civ. P. 64. Under California law, the general provisions for enforcement of money judgments are set forth in Cal. Civ. Proc. Code sections 703.010- 703.150. The specific procedures for claiming an exemption after property has been levied are addressed in Cal. Civ. Proc. Code sections 703.510 – 703.610. Property that is exempt is addressed in Cal. Civ. Proc. Code sections 704.010 – 704.230.

Under Cal. Civ. Proc. Code section 703.030, "[a]n exemption for property that is described in this chapter or in any other statute as exempt may be claimed within the time and in the manner prescribed in the applicable enforcement procedure. If the exemption is not so claimed, the exemption is waived and the property is subject to enforcement of a money judgment." However, Cal. Civ. Proc. Code section 704.220 entitles a judgment debtor to a minimum exemption that does not require a claim, providing:

> Money in the judgment debtor's deposit account in an amount equal to or less than the minimum basic standard of adequate care for a family of four for Region 1, established by Section 11452 of the Welfare and Institutions Code and as annually adjusted by the State Department of Social Services pursuant to Section 11453 of the Welfare and Institutions Code, is exempt without making a claim.

Cal. Civ. Proc. Code § 704.220(a). The amount of the exemption available to a judgment debtor under this section is currently $1,947. *See* dkt. no. 13-1 at ECF p. 48 (Judicial Council Form EJ-156). There is also an exemption (which must be claimed and proven) for "[m]oney in a judgment debtor's deposit account that is not otherwise exempt . . . to the extent necessary for the support of

4

the judgment debtor and the spouse and dependents of the judgment debtor." Cal. Civ. Proc. Code section 704.225.

Under section 703.520, "[t]he claimant may make a claim of exemption by filing with the levying officer, either in person or by mail, a claim of exemption together with a copy of the claim." If the judgment creditor opposes the claim of exemption, it must "file with the court a notice of opposition to the claim of exemption and a notice of motion for an order determining the claim of exemption[.]" Cal. Civ. Proc. Code section 703.550. "The claim of exemption and notice of opposition to the claim of exemption constitute the pleadings, subject to the power of the court to permit amendments in the interest of justice." Cal. Civ. Proc. Code section 703.580 (a). The court may make a determination on the claim of exemption based on these pleadings "if satisfied that sufficient facts are shown" by them; "[i]f not satisfied, the court shall order the hearing continued for the production of other evidence, oral or documentary." Cal. Civ. Proc. Code section 703.580(c).

At the hearing, "the exemption claimant has the burden of proof." Cal. Civ. Proc. Code section 703.580(b). "At the conclusion of the hearing, the court shall determine by order whether or not the property is exempt in whole or in part. Subject to Section 703.600 [providing that the claimant has a right to appeal], the order is determinative of the right of the judgment creditor to apply the property to the satisfaction of the judgment. No findings are required in a proceeding under this section." Cal. Civ. Proc. Code section 703.580(d). The order is then transmitted to the levying officer, who must comply with the order by either releasing the property or applying it to the satisfaction of the money judgment. Cal. Civ. Proc. Code section 703.580(e).

**B.   Discussion**

   **1. Whether Claim of Exemption Should be Denied Because Atherstone Did Not Deliver it to the Levying Officer**

CDS contends the Court should deny the Claim of Exemption pursuant to Cal. Civ. Proc. Code section 703.030 (providing for waiver of an exemption if it is not claimed in the time and manner governing the claim) and section 703.520 (providing that the claim must be filed with the levying officer). It points to evidence that instead of serving the Claim of Exemption on the United

States Marshal, as required, it filed the Claim of Exemption with the Court. *See* Declaration Of Lindsay A. Enriquez in Support of Plaintiff's Opposition to Claim of Exemption Filed by Defendant Thomas Atherstone (dkt. no. 13-1 at ECF pp. 28-29) (stating that the United States Marshal confirmed in an email on July 14, 2023 that Atherstone had not served the Claim of Exemption on the Marshal).

The Court is not persuaded that a finding of waiver is warranted under the facts here. While the Claim of Exemption was filed with this Court rather than served directly on the United States Marshal, it appears that both CDS and the United States Marshal received actual notice of the Claim of Exemption. In addition, the proof of service reflects that the notice of levy was served on Atherstone by mail on June 27, 2023, *see* dkt. no. 13-1 at ECF p. 22. This means that the Claim of Exemption, filed on July 3, 2023, was well within the 20-day time limit for filing his claim under Cal. Code Civ. Proc. section 703.520(a). CDS has not pointed to any case in which a Claim of Exemption was denied as waived under such circumstances. The Court therefore concludes that the claim has not been waived.

### 2. Whether Claim of Exemption Should be Denied Because Atherstone Did Not Meet His Burden

On the merits, the Court finds that Atherstone has not met his burden of establishing that the levied funds are exempt under Cal. Civ. Proc. Code section 704.225 because they are "necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor." First, the Court notes that Atherstone concedes that he has no spouse in the Claim of Exemption. Claim of Exemption ¶ 9. Although he claims that he needs the funds to support himself and his "significant other," *id*., ¶ 6, the Court finds no authority suggesting that the exemption applies to significant others. The Court also notes that Atherstone does not contend the funds are necessary to support his daughter; nor does he present any evidence that she is a minor or dependent upon him.

As to his diminished financial resources, the Court finds that in the face of the 2022 Financial Statement signed by Atherstone and warranting that it was "true and complete," Atherstone's vague statements in his Reply, unsupported by any evidence are insufficient to

establish that the exemption applies. He has presented no evidence of any kind to support his assertion that the $340,000 he had in his bank accounts and the $2,316,100 he held in securities as of May of 2022 were used to satisfy his debts. The only specific information about Atherstone's debts, in paragraph 5 of the Claim of Exemption (listing Atherstone's creditors and amount of debt held by each) amount to only $1,283,000, which is little more than half of the value of the securities he claimed to hold in 2022 ($2,316,100). Likewise, Atherstone's vague statement that his three vintage cars have, in a year, "fallen into disarray" and therefore are worth only $26,000 rather than $158,000, as claimed a year ago, is not credible.

Atherstone's reliance on foreclosure proceedings to show that the equity in real property has dropped to $300,000 also does not persuade the Court that the exemption applies. Although CDS does not dispute that there *are* ongoing foreclosure proceedings against Atherstone's properties, there is no evidence in the record as to how these proceedings have affected the amount of Atherstone's real property equity. The Court also notes that even taking Atherstone at his word as to his current *available* real property equity, that amount is not insignificant and therefore does not support his claim.

Finally, to the extent Atherstone claims his salary is $98,000 a year and he can only take "extremely" limited distributions, Atherstone Reply at 3, these claims should be supported by pay stubs or other evidence of payment amounts but were not. Similarly, Atherstone's statement that his companies now have a "negative valuation," *id.*, is not supported by any company financial statements or balance sheets. Indeed, it is not even clear what "companies" he is discussing.

Accordingly, the Court finds that Atherstone is not entitled to an exemption under Cal. Civ. Cide section 703.225.

## IV. CONCLUSION

The Claim of Exemption is DENIED except as to the $501.11 in the 1207 account, which was not turned over to the United States Marshal (the Levying Officer), and the exemption in the amount of $1,947 under Cal. Civ. Proc. Code section 704.220(a) to the extent that that amount was turned over to the Levying Officer. The Clerk shall serve a copy of this Order on the United States Marshal, who shall release the levied funds from the Defendant's Wells Fargo Accounts

1  (minus the $1,947 statutory minimum to the extent it was turned over to the Levying Officer by
2  Wells Fargo) to Plaintiff upon service of this Order by Plaintiff's counsel upon the Levying
3  Officer and completion of any documentation required by the Levying Officer.  It is FURTHER
4  ORDERED that the Levying Officer shall return the statutory minimum exemption of $1,947.00
5  to Mr. Atherstone from the funds levied upon the Wells Fargo Accounts to the extent such funds
6  were turned over by Wells Fargo to the Levying Officer.

**IT IS SO ORDERED.**

Dated:  September 8, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge